**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jamie Ernest MORENO, Defendant–Appellant.**

No. 02–30286.

D.C. No. CR–93–00127–AK–HRH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 2, 2004.

Decided March 12, 2004.

Jo Ann Farrington, USAK–Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Jamie Ernest Moreno, Federal Detention Center, Seattle, WA, Jeffrey Brandt, Rolbinson & Brandt, P.S.C., Cincinnati, OH, for Defendant–Appellant.

Before O'SCANNLAIN, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM*

Jamie Ernest Moreno appeals his conviction and sentence on one count of conspiracy to distribute cocaine. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

### I

We review the denial of Moreno's motion for acquittal for plain error because it was not renewed at the close of all the evidence. *United States v. Alvarez–Valenzuela,* 231 F.3d 1198, 1200–01 (9th Cir. 2000). There was none, as Moreno knew that the cocaine which he sold would be broken down and distributed for resale.

*Cf. United States v. Lennick,* 18 F.3d 814, 818–20 (9th Cir.1994) (involving growth and gift of marijuana for personal use). It is not necessary that he knew the cocaine was destined for Alaska. *See, e.g., United States v. Herrera–Gonzalez,* 263 F.3d 1092, 1095 (9th Cir.2001) (observing that a defendant need not have known all the conspirators, participated in the conspiracy from the beginning, been part of all its enterprises, or known all its details). From all the evidence, a rational trier of fact could find beyond a reasonable doubt that Moreno had at least a slight connection to the Echavarria/Alaska conspiracy. *See United States v. Skillman,* 922 F.2d 1370, 1373 (9th Cir.1990) (noting that slight connection may be proved by a defendant's willful participation in the illegal objective of a conspiracy with intent to further some purpose of it).

### II

Venue was not improperly laid in the District of Alaska as money for the purchase came from there and the cocaine supplied by Moreno was transported there for distribution. 18 U.S.C. § 3237(a); *see United States v. Childs,* 5 F.3d 1328, 1332 (9th Cir.1993) (upholding venue in district where evidence as a whole supports inference that the crime was committed); *United States v. Barnard,* 490 F.2d 907, 910 (9th Cir.1973) ("[T]he law is that an overt act committed in the course of a conspiracy which occurs in a district gives rise to jurisdiction to prosecute the conspirators in that district.").

### III

Even if clear and convincing evidence were required for the relevant conduct

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

charged to Moreno, the district court's findings suffice.

■ Moreno's sentence was below the statutory maximum, so his argument that the quantity for which he is accountable should have been determined by the jury is foreclosed by *Harris v. United States,* 536 U.S. 545, 557–58, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (Kennedy, J., plurality).

■ Finally, the district court did not clearly err in denying an adjustment for acceptance of responsibility. Moreno fled and never admitted guilt. *See* USSG § 3E1.1, application note 1(a); *United States v. Ginn,* 87 F.3d 367, 370–71 (9th Cir.1996).

AFFIRMED.